UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON NATIONALS FOUNDATION<br>200 East Capitol Street, S.E.<br>Washington, D.C. 20003,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANKLIN L. HANEY<br>400 S. Ocean Blvd<br>Manalapan, FL 33462,<br><br>    Defendant. | Case No. 1:06CV02235<br><br>Judge: James Robertson |

## AMENDED NOTICE OF REMOVAL

Defendant, Franklin L. Haney ("Haney"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action filed by Plaintiff, Washington Nationals Foundation ("Plaintiff" or "Foundation"), from the Superior Court of the District of Columbia, Civil Division, to the United States District Court for the District of Columbia, which is the judicial district in which the action is pending, on the following grounds:

1.  Removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because this Court would have had original jurisdiction of the action on the basis of diversity of citizenship, 28 U.S.C. § 1332, had the action originally been brought in this Court.

2.  On November 29, 2006, Plaintiff filed an action in the Civil Division of the Superior Court of the District of Columbia, entitled *Washington Nationals Foundation v. Franklin L. Haney,* Case No. 0008567-06. True and correct copies of the Complaint and all process served on Haney is attached hereto as Exhibit A.

3. This is an action over which the District Court has diversity jurisdiction, pursuant to 28 U.S.C. §1332, as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

4. Plaintiff is a nonprofit corporation organized and existing under the laws of the District of Columbia. (Complaint, ¶ 2.) Plaintiff's principal place of business is the District of Columbia.

5. Defendant Haney is legally domiciled in the State of Florida, and therefore Haney is a citizen of Florida. Plaintiff's Complaint incorrectly alleges that Haney is a resident of the District of Columbia. (Complaint, ¶3.)

6. Plaintiff's Complaint sets forth a demand for damages in the sum of $401,358.33. (Complaint Count I, ¶ 19.)

7. Because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and because Plaintiff is a citizen of a different state than Haney, diversity jurisdiction over this matter exists and the lawsuit is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a).

8. Removal of this action to this Court also is proper under 28 U.S.C. § 1441(b) because, as set forth above, no party properly joined as a defendant is a citizen of the District of Columbia in which this action has been brought.

9. Removal of this action is not prohibited by 28 U.S.C. § 1445.

10. Haney filed this Notice of Removal within thirty (30) days of the date when this action became removable, and within the time prescribed for filing this Notice of Removal under 28 U.S.C. §1446. Haney first received a copy of the Complaint on December 21, 2006.

11. Written notice of the filing of Defendant's Notice of Removal is being served on counsel for Plaintiff through the court's CM/ECF system. A true and correct copy of Defendants' Notice of Removal, with attached exhibits, has been filed with the Clerk of the Superior Court of the District of Columbia, Civil Division.

WHEREFORE, Defendant Haney hereby removes this action from the Superior Court of the District of Columbia, Civil Division, to this United States District Court.

Respectfully submitted,

FRANKLIN L. HANEY

BY   /s/ Joseph D. Lewis_____
     Joseph D. Lewis (DC Bar No. 293415)
     BARNES & THORNBURG LLP
     750 17th Street, N.W., Suite 900
     Washington, DC  20006
     Telephone:  202.289.1313
     Facsimile:   202.289.1330

Attorney for Defendant

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **WASHINGTON NATIONALS FOUNDATION**<br><br>Plaintiff,<br><br>v.<br><br>**FRANKLIN L. HANEY**<br><br>Defendant. | Civil Action No. **8567-06**<br><br>Notice and Acknowledgement of Receipt and Summons of Complaint |

### NOTICE

To: Franklin L. Haney
801 Pennsylvania Avenue, N.W.
Unit PH 16
Washington, D.C. 20004-2615

    The enclosed summons and complaint are served pursuant to Rule 4(c)(4) of the Superior Court Rules Civil Procedure.

    You must sign and date the Acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

    If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay expenses incurred in serving a summons and complaint in any manner permitted by law.

    If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated, and returned the form. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

    This Notice and Acknowledgement of Receipt of Summons and Complaint was mailed on **11/29/06**.

**Exhibit A**

_____
Signature

11-29-06
_____
Date of Signature

## ACKNOWLEDGMENT OF RECEIPT OF
## SUMMONS AND COMPLAINT

I received a copy of the summons and complaint in the above-captioned matter at 801 Pennsylvania Avenue, N.W., Unit PH 16, Washington, D.C. 20004-2615

_____
Signature

_____
Relationship to Entity/Authority to
Receive Service of Process

_____
Date of Signature

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

| Washington Nationals Foundation |
|---|

*Plaintiff*

vs.

| Franklin L. Haney |
|---|

*Defendant*

Civil Action No. 0008567-06

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Geoffrey P. Gitner |
|---|
Name of Plaintiff's Attorney

| 600 New Hampshire Ave., NW, |
|---|
Address
| Suite 1200, Washington, D.C. 20037 |

| (202) 772-5800 |
Telephone

By _____
Deputy Clerk

Date   NOV 29 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-464/Mar. 98      NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

WASHINGTON NATIONALS
FOUNDATION
Robert F. Kennedy Memorial Stadium
2400 East Capitol, S.E.
Washington, D.C. 20003

        Plaintiff,

v.

FRANKLIN L. HANEY

Serve:   Franklin L. Haney
          801 Pennsylvania Avenue, N.W.
          Unit PH 16
          Washington, D.C. 20004-2615

        Defendant.

[Stamp: RECEIVED Civil Clerk's Office NOV 29 2006 Superior Court of the District of Columbia Washington, D.C.]

0008567-06

Civil Action No. _____

## COMPLAINT

Plaintiff, Washington Nationals Foundation, complains against defendant, Franklin L. Haney, as follows:

### JURISDICTION

1.    Jurisdiction of this Court is founded upon Title 11-921 of the District of Columbia Code as amended.

### PARTIES

2.    Plaintiff, Washington Nationals Foundation ("Foundation") is a nonprofit corporation organized and existing under the laws of the District of Columbia. The Foundation

is operated exclusively for charitable and educational purposes, including, but not limited to youth baseball, charitable grants, and local, national and international sports competition.

3. Defendant, Franklin L. Haney ("Haney") is a resident of the District of Columbia.

### FACTS COMMON TO ALL COUNTS

4. During 2004 and 2005, Major League Baseball ("MLB") was engaged in the process of selling the Washington Nationals baseball franchise ("Nationals"). Several individuals, including Haney, and groups of individuals had submitted offers to purchase the Nationals to MLB. Bidders sought support for their bids from the MLB, officials with the District of Columbia government and the District of Columbia community.

5. In order to raise money to carry out its activities the Foundation held its First Annual 2005 Diamond Gala ("Gala") on September 29, 2005. The Gala was attended by members of MLB, officials and representatives of MLB involved in the selection process of a purchaser for the Nationals, District of Columbia government officials, other bidders and newspaper and television media.

6. In order to obtain support and publicity for his bid, Haney requested permission to have an announcement made during the Gala that he would make a donation equal to the net proceeds raised by the Gala, up to a maximum of $600,000. The Foundation agreed that in exchange for Haney's promise to make this donation, Haney would be permitted to have a public announcement made on his behalf at the Gala (hereafter referred to as the "Agreement").

7. On September 29, 2005, prior to the Gala, the Agreement was set forth in a written instrument that was executed by Haney. (See attached Exhibit 1).

8. During the Gala, the Foundation fulfilled its part of the Agreement. As promised by the Foundation, Tim Russert, the Master of Ceremonies for the Gala, announced to the

2

audience, including the media, representatives of MLB and District of Columbia government officials, and members of the Washington metropolitan business community, that Haney, in order to support the Foundation's charitable and educational purposes had agreed to match the net proceeds raised through the Gala, dollar for dollar, up to a maximum of $600,000. As part of the announcement, other Gala guests, including other bidders for the Washington Nationals baseball franchise were urged to give generously as he had done, and in fact contributions were received from attendees after the announcement. Later in the program, Haney was publicly recognized for his "generosity" by the former President of the Nationals, Tony Tavares.

9. As a result of the Agreement and the public announcement of his promise, Haney received media recognition and publicity in newspapers, television and the internet, and the fact of his donation was disseminated to and became known to members of MLB, including officials and representatives involved in the selection process, officials of the District of Columbia government, and the Washington metropolitan business and public communities.

10. The net proceeds from the Diamond Gala were Four Hundred and One Thousand and Three Hundred and Fifty-Eight Dollars and Thirty-Three Cents. ($401,358.33).

11. Defendant Haney was informed of the amount of the net proceeds by an invoice dated November 16, 2005. (See attached Exhibit 2).

12. On January 23, 2006, Defendant Haney in a letter to Mr. Tavares confirmed the Agreement. Haney also wrote:

> As you know, recent developments have put into question whether or not Major League Baseball and the District will be able to conclude successfully their arrangement to relocate the Nationals to Washington on a permanent basis. Major League Baseball has made it clear its position that should the District fail to honor the terms of the Baseball Stadium Agreement that MLB reserves all of its rights, including moving the Nationals from Washington at some point in the future.

3

> Given that my pledge was made at a time when I, and everyone else, believed that the Nationals were here to stay, it is perfectly reasonable that we wait to see if, in fact, the team will remain the Washington Nationals before I make any payment to the Foundation.
>
> I remain hopeful that MLB and the District will arrive at a mutually satisfactory resolution of their current differences and that the team will become a permanent fixture in our community. I appreciate your understanding of my desire to wait until the uncertainty is resolved before we act on my pledge.

(See attached Exhibit 3).

13. On April 12, 2006 and June 21, 2006 additional demands were made by the Foundation for Haney's payment as promised in the Agreement.

14. On June 29, 2006, an attorney for Defendant Haney informed the Foundation that Haney would not honor the Agreement and refused to pay the money owed.

## CAUSES OF ACTION

### Count One
### Breach of Contract

15. Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 14 of this Complaint.

16. On September 29, 2005, Defendant Haney entered into a binding Agreement to pay to the Foundation an amount equal to the net proceeds from the Gala, up to a maximum of $600,000.

17. Haney received consideration for his promise under the Agreement, *inter alia*:

(a) through the Foundation's promise to provide him with a public forum to announce his promise to match the net proceeds;

(b) through the publicity and public recognition he obtained by his promise under the Agreement;

(c)   through being able to promote his bid for the Nationals before those persons Haney believed had influence on who would be selected;

(d)   through being able to promote himself with the public, officials and members of Major League Baseball and members of the District of Columbia government that Haney was a charitable person, of high stature and community mindedness, and therefore, worthy of being selected;

(e)   through being able to promote his stature in the Washington metropolitan area public community, and in particular with the Washington metropolitan area business community and government officials, in order to promote his existing and future business endeavors;

(f)   through his being able to aid the Foundation order to accomplish the purposes for which the Foundation was organized and created and in whose aid his donation was made;

(g)   to cause other attendees at the Gala to also make charitable contributions to the Foundation; and

(h)   in the alternative, charitable pledges are enforceable with or without consideration as a matter of public policy.

18.   In refusing to honor his promise, Defendant has breached the Agreement.

19.   As a result of the breach, the Plaintiff has incurred damages of $401,358.33, plus pre-judgment interest, attorneys fees and costs.

### Count Two
### Promissory Estoppel

20.   Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 19 of this Complaint.

21.   Haney promised the Foundation that he would match the net proceeds raised by the Foundation through the Gala.

22. Haney should have reasonably expected that his promise to pay the net proceeds would induce action or inaction by the Foundation.

23. The Foundation reasonably relied upon Haney's promise to its detriment in that it incurred liabilities and gave up additional opportunities to raise funds.

24. Injustice can be avoided only by enforcing Haney's promise.

25. As a result of Haney's breach of his promise the Plaintiff has incurred damages of $401,358.33, plus pre-judgment interest, attorneys fees and costs.

### Count Three
### Fraudulent Misrepresentation

26. Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 25 of this Complaint.

27. In order to induce the Foundation to enter the Agreement, Haney intentionally, knowingly, recklessly and affirmatively misrepresented that he would pay the net proceeds raised through the Gala.

28. Haney intended these misrepresentations to induce the Foundation to enter into the Agreement between the parties and to otherwise rely on the misrepresentations.

29. Haney's promise to match the net proceeds was a material term of the Agreement between the Foundation and Haney.

30. The Foundation reasonably relied upon Haney's representation by, among other things, entering into the Agreement, permitting the announcement to be made during the Gala, by publicly recognizing Haney's "generosity" at the Gala, by continuing to carry out the Foundation's charitable and educational activities, by incurring liabilities and by foregoing other opportunities to raise funds.

31. Haney's misrepresentations caused the Foundation to suffer monetary damages.

32. Haney's misrepresentations were willful, wanton, oppressive, malicious, fraudulent and entitles the Foundation to punitive damages.

33. The Foundation has retained the services of counsel because of Haney's misrepresentations and is entitled to recover attorneys' fees and costs associated with this litigation.

WHEREFORE, the Foundation prays for the following relief:

1. Compensatory damages in the amount of $401,358.33.

2. Pre-judgment interest;

3. Post-judgment interest;

4. Punitive damages in the amount of Four Million Dollars ($4,000,000.00);

5. The Foundation's attorneys fees and costs associated with this litigation; and

6. Any other and further relief as deemed appropriate by this Court.

DATED: November 29, 2006

Law Offices of Geoffrey P. Gitner

*[signature]*

Geoffrey P. Gitner (DC Bar No. 176479)
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
Ph: (202) 772- 5800
Fax: (202) 772-5858

7

Exhibit 1

WASHINGTON NATIONALS FOUNDATION
RFK Stadium
2400 East Capitol Street, S.E.
Washington D.C. 20003

September 29, 2005

Franklin L. Haney
1250 Maryland Avenue NW
Suite 503
Washington, DC 20024

Dear Mr. Haney:

We are very grateful for your pledge to make a charitable contribution to the Washington Nationals Foundation in an amount equal to the Foundation's net proceeds from tonight's Diamond Gala up to a maximum of $600,000. The Foundation intends to use the proceeds from the Diamond Gala to further its charitable and educational purposes.

We need to confirm one important matter relating to your gift, namely that the Foundation has no control or influence, directly or indirectly, over the sale of the Washington Nationals Baseball Franchise, including, without limitation, the selection of the purchaser, the process by which the sale may take place, the timing of the sale and all other terms and conditions of the sale. All of those matters are within the exclusive control of Major League Baseball, and neither the Team nor this Foundation has any voice with respect to them. In light of that context, we offered you the opportunity to rescind your pledge. Our understanding is that you declined rescission and instead reaffirmed your pledge.

We ask that you confirm the foregoing by signing in the place provided below and returning the signed copy to me by fax at 202-546-8621.

Sincerely,
WASHINGTON NATIONALS FOUNDATION

Antonio Tavares
President

The undersigned hereby agrees with the foregoing and confirms the charitable pledge as described in the foregoing letter.

Franklin Haney

**Exhibit 2**

November 16, 2005

Mr. Corey Busch
Franklin L. Haney Company
1250 Maryland Avenue SW
Suite 503
Washington, DC 20024

Dear Mr. Busch:

On behalf of the Washington Nationals Foundation, we would like to thank you for your support of the **First Annual 2005 *Diamond Gala*** which was held on September 29, 2005 at the Mandarin Oriental, Washington, D.C.

During the event, Mr. Haney generously pledged to match the net proceeds from the Gala. I have enclosed a spreadsheet summarizing the net proceeds for your records.

Tony Tavares will be contacting Mr. Haney directly to express his sincere gratitude on behalf of the Washington Nationals Foundation.

Sincerely,

Barbra Silva
Director, Community Relations

Enclosures:   Spreadsheet
              Invoice



# INVOICE

**Date:** November 16, 2005

**To:** Corey Busch

**Company/Organization Name:** Franklin L. Haney Company
1250 Maryland Ave., SW
Suite 503
Washington, DC 20024

| Date of Event | Description | Location | Amount |
|---|---|---|---|
| September 29, 2005 | Matching Donation | Mandarin Oriental, Washington, DC | $ 401,358.33 |

**TOTAL DUE:** $401,358.33

Please make all checks payable to: **Washington Nationals Foundation**

Mail to:
Barbra Silva
Washington Nationals Foundation
2005 Diamond Gala
RFK Stadium
2400 East Capitol Street SE, Washington DC 20003

If you have any questions concerning this invoice call:
(202) 675-9666

**WASHINGTON NATIONALS FOUNDATION**
RFK STADIUM ★ 2400 EAST CAPITOL STREET, S.E. ★ WASHINGTON, DC 20003

**Washington Nationals Foundation**
**Gala Event- September 29, 2005**
**Summary of Net Proceeds**

**Revenues**

<u>Table Sales</u>
| | |
|---|---:|
| Diamond (3) | 60,000.00 |
| Field of Dreams (2) | 30,000.00 |
| Double Play (4) | 60,000.00 |
| Base Hit (37) | 370,000.00 |
| Individual tickets (3) | 30,000.00 |
| Total Tables (49) | 550,000.00 |

<u>Donations</u>
| | |
|---|---:|
| Cash donations | 42,450.00 |
| | 42,450.00 |

<u>Silent Auction</u>
| | |
|---|---:|
| Gross proceeds | 100,843.00 |
| Less: Cost of Corvette | (53,000.00) |
| Less: Consignment Items | (1,389.00) |
| Less: Art Bat commission | (1,175.00) |
| Net Proceeds | 45,279.00 |

| | |
|---|---:|
| **Total Revenues** | **637,729.00** |
| Less: Credit Card Commissions | (3,387.80) |
| **Net Revenues** | **634,341.20** |

<u>Event Management Expenses</u>
| | |
|---|---:|
| Awards | 208.75 |
| Décor- Staging | 4,700.00 |
| Décor- Linens & Table Rentals | 2,906.00 |
| Décor- Centerpieces | 6,035.00 |
| Décor- Pinspots | 2,500.00 |
| Event Management fees | 32,000.00 |
| Invitations - Paper, envelopes & print | 5,397.08 |
| Invitations - Postage | 3,590.48 |
| Other printing | 4,695.05 |
| Miscellaneous | 2,646.31 |
| Parking (Valet) | 464.00 |
| Party Favors | 6,875.76 |
| Signage- Floor Plans | 121.50 |
| Couriers & Moving expenses | 874.47 |
| Total Event Management expenses | 73,014.40 |

| Catering & Venue Expenses | |
|---|---:|
| Dinner | 61,344.00 |
| General Reception | 21,492.01 |
| VIP Reception | 9,180.01 |
| Bartenders | 750.00 |
| Gratuities | 230.00 |
| Total Catering & Venue Expenses | 92,996.02 |

| Production Expenses | |
|---|---:|
| Audio | 5,405.80 |
| Backline | 975.00 |
| Backstage Catering | 2,549.20 |
| Miscellaneous | 1,190.50 |
| Soft Goods | 150.00 |
| Stage Lighting | 5,800.00 |
| Video Production expenses | 18,827.50 |
| Video Equipment | 11,044.45 |
| Total Production Expenses | 45,942.45 |

| Talent Expenses | |
|---|---:|
| Entertainment- VIP reception | 1,030.00 |
| Main Entertainment- Band | 20,000.00 |
| Total Talent Expenses | 21,030.00 |

| **Total Expenses** | **232,982.87** |
|---|---:|

| **GALA NET PROCEEDS** | **401,358.33** |
|---|---:|

Barbra
FYI

Exhibit 3



**FRANKLIN L. HANEY COMPANY, LLC**
a Tennessee Limited Liability Company

1250 MARYLAND AVENUE, SW
SUITE 503
WASHINGTON, DC 20024
202/479-1101 • FAX 202/479-1106

January 23, 2006

Mr. Tony Tavares, President
The Washington Nationals
Robert F. Kennedy Memorial Stadium
2400 East Capitol Street, SE
Washington, DC 20003

Dear Tony:

    I am writing in response to your recent request for payment of my pledge to the Nationals Foundation.

    As you know, recent developments have put into question whether or not Major League Baseball and the District will be able to conclude successfully their arrangement to relocate the Nationals to Washington on a permanent basis. Major League Baseball has made clear its position that should the District fail to honor the terms of the Baseball Stadium Agreement that MLB reserves all of its rights, including moving the Nationals from Washington at some point in the future.

    Given that my pledge was made at a time when I, and everyone else, believed that the Nationals were here to stay, it is perfectly reasonable that we wait to see if, in fact, the team will remain the Washington Nationals before I make any payment to the Foundation.

    I remain hopeful that MLB and the District will arrive at a mutually satisfactory resolution of their current differences and that the team will become a permanent fixture in our community. I appreciate your understanding of my desire to wait until the uncertainty is resolved before we act on my pledge.

Sincerely,

Franklin L. Haney