UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON NATIONALS<br> FOUNDATION<br>2400 East Capitol Street, S.E.<br>Washington, D.C. 20003,<br>       Plaintiff,<br><br>vs.<br><br>FRANKLIN L. HANEY<br>400 S. Ocean Blvd<br>Manalapan, FL 33462,<br>       Defendant. | Case No. 1:06CV02235<br><br>Judge: James Robertson |

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Franklin L. Haney ("Haney"), for his Answer and Defenses to Plaintiff's Complaint, states as follows:

### JURISDICTION

1. Jurisdiction of this Court is founded upon Title 11-921 of the District of Columbia Code as amended.

**ANSWER:** Denied.

### PARTIES

2. Plaintiff, Washington Nationals Foundation ("Foundation") is a nonprofit corporation organized and existing under the laws of the District of Columbia. The Foundation is operated exclusively for charitable and educational purposes, including, but not limited to youth baseball, charitable grants, and local, national and international sports competition.

**ANSWER:** Haney is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 2.

3. Defendant, Franklin L. Haney ("Haney") is a resident of the District of Columbia.

**ANSWER:** Denied.

## FACTS COMMON TO ALL COUNTS

4. During 2004 and 2005, Major League Baseball ("MLB") was engaged in the process of selling the Washington Nationals baseball franchise ("Nationals"). Several individuals, including Haney, and groups of individuals had submitted offers to purchase the Nationals to MLB. Bidders sought support for their bids from the MLB, officials with the District of Columbia government and the District of Columbia community.

**ANSWER:** Haney admits the limited facts that MLB was engaged in the process of selling the Nationals and that several individuals, including Haney, and groups of individuals had submitted offers to purchase the Nationals to MLB. Haney is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 4.

5. In order to raise money to carry out its activities the Foundation held its First Annual 2005 Diamond Gala ("Gala") on September 29, 2005. The Gala was attended by members of MLB, officials and representatives of MLB involved in the selection process of a purchaser for the Nationals, District of Columbia government officials, other bidders and newspaper and television media.

**ANSWER:** Haney denies that officials and representatives of MLB involved in the selection process of a purchaser for the Nationals attended the Gala. Haney is without knowledge or information sufficient to form a belief as to the truth of the averment that District of Columbia government officials attended the Gala. Haney admits the remaining allegations of Paragraph 5.

6. In order to obtain support and publicity for his bid, Haney requested permission to have an announcement made during the Gala that he would make a donation equal to the net proceeds raised by the Gala, up to a maximum of $600,000. The Foundation agreed that in exchange for Haney's promise to make this donation, Haney would be permitted to have a public announcement made on his behalf at the Gala (hereafter referred to as the "Agreement").

**ANSWER:** Denied.

7. On September 29, 2005, prior to the Gala, the Agreement was set forth in a written instrument that was executed by Haney. (See attached Exhibit 1).

2

**ANSWER:** Haney admits the limited facts that he signed a letter dated September 29, 2005 concerning a gift to the Foundation. Haney denies all remaining allegations of Paragraph 7.

8. During the Gala, the Foundation fulfilled its part of the Agreement. As promised by the Foundation, Tim Russert, the Master of Ceremonies for the Gala, announced to the audience, including the media, representatives of MLB and District of Columbia government officials, and members of the Washington metropolitan business community, that Haney, in order to support the Foundation's charitable and educational purposes had agreed to match the net proceeds raised through the Gala, dollar for dollar, up to a maximum of $600,000. As part of the announcement, other Gala guests, including other bidders for the Washington Nationals baseball franchise were urged to give generously as he had done, and in fact contributions were received from attendees after the announcement. Later in the program, Haney was publicly recognized for his "generosity" by the former President of the Nationals, Tony Tavares.

**ANSWER:** Haney admits the limited fact that, at the end of the Gala, the former President of the Nationals, Tony Tavares, expressed thanks to Haney. Haney denies the remaining allegations of Paragraph 8.

9. As a result of the Agreement and the public announcement of his promise, Haney received media recognition and publicity in newspapers, television and the internet, and the fact of his donation was disseminated to and became known to members of MLB, including officials and representatives involved in the selection process, officials of the District of Columbia government, and the Washington metropolitan business and public communities.

**ANSWER:** Haney is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9.

10. The net proceeds from the Diamond Gala were Four Hundred and One Thousand and Three Hundred and Fifty-Eight Dollars and Thirty-Three Cents. ($401,358.33).

**ANSWER:** Haney is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10.

11. Defendant Haney was informed of the amount of the net proceeds by an invoice dated November 16, 2005. (See attached Exhibit 2).

**ANSWER:** Haney admits the limited fact that that he received a copy of an invoice dated November 16, 2005, attached to the Complaint as Exhibit 2. Haney denies the remaining allegations of Paragraph 11.

12. On January 23, 2006, Defendant Haney in a letter to Mr. Tavares confirmed the Agreement. Haney also wrote:

> As you know, recent developments have put into question whether or not Major League Baseball and the District will be able to conclude successfully their arrangement to relocate the Nationals to Washington on a permanent basis. Major League Baseball has made it clear its position that should the District fail to honor the terms of the Baseball Stadium Agreement that MLB reserves all of its rights, including moving the Nationals from Washington at some point in the future.
>
> Given that my pledge was made at a time when I, and everyone else, believed that the Nationals were here to stay, it is perfectly reasonable that we wait to see if, in fact, the team will remain the Washington Nationals before I make any payment to the Foundation.
>
> I remain hopeful that MLB and the District will arrive at a mutually satisfactory resolution of their current differences and that the team will become a permanent fixture in our community. I appreciate your understanding of my desire to wait until the uncertainty is resolved before we act on my pledge.

(See attached Exhibit 3).

**ANSWER:** Haney admits the limited fact that he sent a letter dated January 23, 2006, to Tony Tavares, attached to the Complaint as Exhibit 3, and that the quotation accurately reflects what he wrote. Haney denies all allegations of Paragraph 12 that are inconsistent with the contents of that document.

13. On April 12, 2006 and June 21, 2006 additional demands were made by the Foundation for Haney's payment as promised in the Agreement.

**ANSWER:** Haney admits the limited fact that his legal counsel was contacted by legal counsel for MLB and the Foundation on April 12, 2006 and June 21, 2006, respectively. Haney denies all remaining allegations of Paragraph 13.

14. On June 29, 2006, an attorney for Defendant Haney informed the Foundation that Haney would not honor the Agreement and refused to pay the money owed.

**ANSWER:** Haney admits that, on June 29, 2006, his legal counsel advised the Foundation's legal counsel that Haney would not pay the money demanded. Haney denies all remaining allegations of Paragraph 14.

## CAUSES OF ACTION

### Count One
### Breach of Contract

15. Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 14 of this Complaint.

**ANSWER:** Haney incorporates by reference herein his answers to Paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16. On September 29, 2005, Defendant Haney entered into a binding Agreement to pay to the Foundation an amount equal to the net proceeds from the Gala, up to a maximum of $600,000.

**ANSWER:** Denied.

17. Haney received consideration for his promise under the Agreement, *inter alia:*

(a) through the Foundation's promise to provide him with a public forum to announce his promise to match the net proceeds;
(b) through the publicity and public recognition he obtained by his promise under the Agreement;
(c) through being able to promote his bid for the Nationals before those persons Haney believed had influence on who would be selected;
(d) through being able to promote himself with the public, officials and members of Major League Baseball and members of the District of Columbia government that Haney was a charitable person, of high stature and community mindedness, and therefore, worthy of being selected;
(e) through being able to promote his stature in the Washington metropolitan area public community, and in particular with the Washington metropolitan area business community and government officials, in order to promote his existing and future business endeavors;
(f) through his being able to aid the Foundation order to accomplish the purposes for which the Foundation was organized and created and in whose aid his donation was made;

  (g) to cause other attendees at the Gala to also make charitable contributions to the Foundation; and

  (h) in the alternative, charitable pledges are enforceable with or without consideration as a matter of public policy.

  **ANSWER:** Denied, including subparagraphs (a-h).

  18. In refusing to honor his promise, Defendant has breached the Agreement.

  **ANSWER:** Denied.

  19. As a result of the breach, the Plaintiff has incurred damages of $401,358.33, plus pre judgment interest, attorneys fees and costs.

  **ANSWER:** Denied.

  WHEREFORE, Defendant, Franklin L. Haney, prays for judgment in his favor and against Plaintiff Washington Nationals Foundation, that Plaintiff take nothing by way of its Complaint, that the Court enter an Order dismissing Plaintiff's cause of action against Defendant Franklin L. Haney with prejudice, awarding Franklin L. Haney his costs, and awarding Franklin L. Haney all other relief that this Court deems equitable and just.

### Count Two
### Promissory Estoppel

  20. Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 19 of this Complaint.

  **ANSWER:** Haney incorporates by reference herein his answers to Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

  21. Haney promised the Foundation that he would match the net proceeds raised by the Foundation through the Gala.

  **ANSWER:** Haney admits the limited fact that he indicated an intention to make a gift in an amount equal to the Foundation's net proceeds from the Gala up to a maximum of $600,000. Haney denies all remaining allegations of Paragraph 21.

6

22. Haney should have reasonably expected that his promise to pay the net proceeds would induce action or inaction by the Foundation.

**ANSWER:** Denied.

23. The Foundation reasonably relied upon Haney's promise to its detriment in that it incurred liabilities and gave up additional opportunities to raise funds.

**ANSWER:** Denied.

24. Injustice can be avoided only by enforcing Haney's promise.

**ANSWER:** Denied.

25. As a result of Haney's breach of his promise the Plaintiff has incurred damages of $401,358.33, plus pre judgment interest, attorneys fees and costs.

**ANSWER:** Denied.

WHEREFORE, Defendant, Franklin L. Haney, prays for judgment in his favor and against Plaintiff Washington Nationals Foundation, that Plaintiff take nothing by way of its Complaint, that the Court enter an Order dismissing Plaintiff's cause of action against Defendant Franklin L. Haney with prejudice, awarding Franklin L. Haney his costs, and awarding Franklin L. Haney all other relief that this Court deems equitable and just.

### Count Three
### Fraudulent Misrepresentation

26. Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 25 of this Complaint.

**ANSWER:** Haney incorporates by reference herein his answers to Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. In order to induce the Foundation to enter the Agreement, Haney intentionally, knowingly, recklessly and affirmatively misrepresented that he would pay the net proceeds raised through the Gala.

**ANSWER:** Denied.

28.     Haney intended these misrepresentations to induce the Foundation to enter into the Agreement between the parties and to otherwise rely on the misrepresentations.

**ANSWER:**    Denied.

29.     Haney's promise to match the net proceeds was a material term of the Agreement between the Foundation and Haney.

**ANSWER:**    Denied.

30.     The Foundation reasonably relied upon Haney's representation by, among other things, entering into the Agreement, permitting the announcement to be made during the Gala, by publicly recognizing Haney's "generosity" at the Gala, by continuing to carry out the Foundation's charitable and educational activities, by incurring liabilities and by foregoing other opportunities to raise funds.

**ANSWER:**    Denied.

31.     Haney's misrepresentations caused the Foundation to suffer monetary damages.

**ANSWER:**    Denied.

32.     Haney's misrepresentations were willful, wanton, oppressive, malicious, fraudulent and entitles the Foundation to punitive damages.

**ANSWER:**    Denied.

33.     The Foundation has retained the services of counsel because of Haney's misrepresentations and is entitled to recover attorneys' fees and costs associated with this litigation.

**ANSWER:**    Denied.

WHEREFORE, Defendant, Franklin L. Haney, prays for judgment in his favor and against Plaintiff Washington Nationals Foundation, that Plaintiff take nothing by way of its Complaint, that the Court enter an Order dismissing Plaintiff's cause of action against Defendant Franklin L. Haney with prejudice, awarding Franklin L. Haney his costs, and awarding Franklin L. Haney all other relief that this Court deems equitable and just.

**DEFENSES**

Defendant Franklin L. Haney, for his additional defenses to the Complaint of Plaintiff Washington Nationals Foundation, states as follows:

1. Some or all of Plaintiff's claims fail to state a cause of action against Haney upon which relief may be granted.

2. Any promise made by Haney constituted an unenforceable promise to make a gift.

3. Plaintiff's claims are barred in whole or in part because of a want or failure of consideration.

Haney reserves the right to amend his defenses to assert additional defenses to the extent those defenses are learned through further discovery.

WHEREFORE, Defendant, Franklin L. Haney, prays for judgment in his favor and against Plaintiff Washington Nationals Foundation, that Plaintiff take nothing by way of its Complaint, that the Court enter an Order dismissing Plaintiff's cause of action against Defendant Franklin L. Haney with prejudice, awarding Franklin L. Haney his costs, and awarding Franklin L. Haney all other relief that this Court deems equitable and just.

        Respectfully submitted,

        FRANKLIN L. HANEY

        By:   /s/ Joseph D. Lewis
               One of his Attorneys

Joseph D. Lewis (DC Bar No. 293415)
BARNES & THORNBURG LLP
750 17th Street, N.W., Suite 900
Washington, DC  20006
Telephone:    202.289.1313
Facsimile:     202.289.1330

CHDS01 JKIMBALL 383867v1